JACK EPSTEIN, PLAINTIFF-RESPONDENT, v. SALLY LEE, INC., A CORPORATION, DEFENDANT-APPELLANT.

Argued October 3, 1940—Decided November 29, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *George M. Fieldman* and *Harry J. Weiner*.

For the plaintiff-respondent, *Hendrickson & Jacobs* (*Sydney L. Jacobs*).

PER CURIAM.

The defendant on August 19th, 1937, purchased coats from Wolfshire Coats, Inc., a New York corporation. Thereafter an attachment proceeding was instituted by August Carter against Wolfshire Coats, Inc. Levy was made on the account

for the goods purchased by the defendant. Thereafter on September 27th, 1937, the plaintiff in this action notified the defendant that Wolfshire Coats, Inc., had assigned its claim against it to him. Defendant promptly notified him that the account had previously been attached. The attachment proceeding resulted on October 19th, 1937, in a judgment whereby defendant was directed to make payment on behalf of the plaintiff in attachment, which was done. On October 15th, 1937, the present action was instituted. It resulted in a judgment of no cause of action. This judgment was vacated and a judgment was entered against the defendant for the full amount due to Wolfshire Coats. The defendant pays twice.

The Court of Errors and Appeals decided: "One who, with notice of an assignment of a claim, voluntarily pays the plaintiff in an attachment against the original owner of the claim, cannot set up such payment as a defense to an action by the assignee of such original creditor who had taken title prior to the issuance of the attachment." *Mercantile Credit Co.* v. *Lambert & Co.,* 104 *N. J. L.* 620. In that case there was a voluntary payment before judgment.

In the present case, the payment in the earlier proceeding, of which the plaintiff had notice, was pursuant to the judgment of the court. The plaintiff in this action notified the defendant of the assignment after the account had been levied upon. Instead of intervening in the attachment proceeding and establishing his priority there, he commenced an action upon the assignment which was not returnable until after the judgment had been satisfied in the other proceeding. Clearly, the plaintiff's conduct estops him from asserting any rights whatever.

Judgment is reversed.